UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE EDWARDS,

        Plaintiff,           CIVIL ACTION NO. 04-CV-74955-DT

vs.

                                     DISTRICT JUDGE AVERN COHN

PATRICIA CARUSO, et. al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:**, Defendants' Motion for Summary Judgment (Docket # 16) should be **GRANTED** and the instant case dismissed, Plaintiff's Motion for Unlimited Law Library Access (Docket # 17) should be **DENIED** as moot, Plaintiff's Motion for Leave to File Amended Complaint (Docket # 14) should be **DENIED**, and Defendants' Motion to Transfer Venue (Docket # 9) should be held in abeyance.

***

Plaintiff, currently confined at the Parnall Correctional Facility in Jackson, Michigan, was allowed to proceed *in forma pauperis* and filed the instant complaint on December 29, 2004 pursuant to 42 U.S.C. § 1983. The Defendants to this action, both named in their official capacities, are Michigan Department of Corrections (MDOC) Director Patricia Caruso and Michigan Parole Board Chairman John Rubitschun. Defendants have filed a Motion to Change Venue, a Motion to Dismiss and a Motion For Summary Judgment. Plaintiff filed a Response in Opposition to Defendants' Motion to Change Venue, a Motion for Unlimited Law Library Access which the Court construes as a Motion for Injunctive Relief, and a Motion for Leave to File an Amended Complaint in which he seeks to name Defendants in their individual capacities. Plaintiff has not filed a Response to Defendants' Motion to

Dismiss. The case has been referred to the undersigned for all pretrial proceedings.

In his complaint, Plaintiff alleges that:

> Defendants have created and administer a process which determines eligibility for parole that discriminates against Plaintiff and other individuals with mental illness on the basis of their disability or record of a disability.

(Plaintiff's Complaint, pg. 5, ¶ 22). Specifically, Plaintiff complains that the MDOC parole scoring guidelines assign a negative five points to inmates who are receiving, or have received, mental health treatment, and consequently those inmates have a decreased chance for parole. Plaintiff argues that such a practice violates Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. Plaintiff's complaint can also be construed as alleging a claim under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff seeks declaratory, injunctive and monetary relief. Defendants have filed a Motion to Dismiss arguing, *inter alia*, that Plaintiff has failed to state a claim upon which relief may be granted and has failed to present any genuine issue of material fact.

**STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P.

56©. The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

**ADA AND REHABILITATION CLAIMS**

In this case, Plaintiff alleges that he has "a history of mental illness" and that Defendants relied on his disability in determining his parole eligibility status (Plaintiff's Complaint, pg. 3, ¶ 10). Defendant Rubitschun indicated, however, that:

> The Department does not assign -5 points to prisoners merely because they have mental illness or have had mental health treatment. Prisoners are assigned -5 points in the Mental Health Section only under the following conditions; the prisoner has had a Guilty But Mentally Ill conviction, or, a history of physical or sexual assault related to a compulsive, deviant, or psychotic mental state, including serving for CSC offense(s) or offense(s) involving sexually assaulting behavior.[1]

(Defendants' Exhibit A, Affidavit of John Rubitschun, ¶ 7). Defendant Rubitschun further indicated that:

---

[1] Specifically, Michigan Administrative Code Rule 791.7716(g) allows the parole board to consider a prisoner's mental health as reflected by the following: "(ii) A history of physical or sexual assault related to a compulsive, deviant, or psychotic mental state." MAC R 791.7716(g).

> Plaintiff Edwards is currently serving a sentence for 2nd Criminal Sexual Conduct – 13 thru 15. Therefore, it is reasonable to conclude that Plaintiff's mental health factor was properly scored.[2]

(Affidavit of Def. Rubitschun, ¶ 8).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "State prisons fall squarely within Title II's statutory definition of 'public entity' which includes 'any . . . instrumentality of a State . . . or local government.'" *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1997). In order to show a violation of the ADA, a plaintiff must prove that he is (1) a qualified individual with a disability, (2) that he was denied the benefits of services, programs, or activities of a public entity or otherwise subject to discrimination by such entity, and (3) that the denial or discrimination was by reason of his disability. *See* 42 U.S.C. § 12132. The Rehabilitation Act similarly prohibits discrimination on the basis of disability. *See* 29 U.S.C. § 794(a).

In this case, Plaintiff fails to demonstrate that he is a qualified individual with a disability. Title 42 U.S.C. § 12211(b)(1) provides that

> the term 'disability' shall not include –
>
> (1) transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders not resulting from physical impairments, or other sexual behavior disorders;

42 U.S.C. § 12211(b)(1). Title 29 U.S.C. § 705(20)(F)(I) of the Rehabilitation Act contains a similar statutory exclusion. Therefore, to the extent that Plaintiff received a negative five points based on his criminal sexual conduct conviction which may have been caused by a sexual behavior disorder, such a

---

[2] Michigan's online Offender Tracking Info System (OTIS) confirms that Plaintiff's current incarceration arises after Plaintiff pled guilty to Criminal Sexual Conduct in the Third Degree (person 13 thru 15) contrary to Mich. Comp. Laws § 750.520D1A. **OTIS** can ben accessed via http://www.state.mi.us/mdoc/asp/otis.

disorder does not qualify as a disability protected by either the ADA or the Rehabilitation Act. *See Hawkins v. Michigan Parole Board*, 1999 WL 506996 (6th Cir. 1999)(unpublished)(affirming district court's dismissal of prisoner's ADA claim because plaintiff's alleged propensity for sexual misbehavior does not constitute a disability within the meaning of the ADA). Thus, even if Plaintiff received a negative five points during the parole process based on his prior conviction for criminal sexual conduct, such a practice does not violate either the ADA or Rehabilitation Act. *See also Thompson v. Davis*, 295 F.3d 890, 898 n.4 (holding that while the ADA prohibits a parole board from categorically excluding disabled persons from parole consideration, it does not prevent a parole board from "making an individualized assessment of the future dangerousness of an inmate by taking into account the inmate's disability.").

Accordingly, Defendants' Motion for Summary Judgment should be **GRANTED** as to Plaintiff's claims under the ADA and Rehabilitation Act.

### SECTION 1983 EQUAL PROTECTION CLAIM

Title 42 U.S.C. § 1983 creates a cause of action against those who, acting under color of state law, violate federal law. Plaintiff argues that the MDOC parole process discriminates against certain individuals with disabilities by assigning a negative five points to inmates convicted of criminal sexual conduct. Such a claim implicates the Equal Protection Clause of the Fourteenth Amendment. In order to state an equal protection claim, a plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class or that the state infringed upon a fundamental right. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Because Prisoners are not members of a protected class, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and have no constitutional right to parole, *Greenholz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), MDOC's parole scoring guidelines are presumed valid unless they are not rationally related to a

legitimate state interest. *Board of Trustees of Univ. Of Ala. v. Garrett*, 531 U.S. 356, 366 (2001)(citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). An equal protection claim brought under § 1983 must fail "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993); *City of Cleburne*, 473 U.S. at 440.

In this case, the Court concludes that there is a rational basis for MDOC's parole scoring process that assigns a negative score to inmates who are serving convictions for criminal sexual conduct. It is not irrational for the state to consider the potential recidivism for such crimes especially where those crimes were of a sexual nature. And because the Michigan parole statutes include the protection of public safety as a stated purpose, *See Hopkins v. Michigan Parole Board*, 237 Mich. App. 629 (1999), MDOC's parole scoring guidelines are rationally related to a legitimate state interest. *See also Thompson*, 295 F.3d at 898 n.4 ("A person's disability that leads one to a propensity to commit crime may certainly be relevant in assessing whether that individual is qualified for parole. In addition, the parole board might show that legitimate penological interests justify consideration of an inmate's disability status beyond that appropriate in other settings.")(internal citations omitted). Plaintiff fails to rebut these legitimate state interests such that his equal protection claim must fail.

Accordingly, Defendants' Motion to Dismiss should be **GRANTED** as to Plaintiff's Equal Protection Claim. Having found no merit to any of Plaintiff's claims, the Court further recommends that Plaintiff's Motion for Unlimited Law Library Access be **DENIED** as moot. Finally, the Court recommends that Defendants' Motion to Transfer Venue be held in abeyance pending the Court's ruling on this Report and Recommendation.

**MOTION FOR LEAVE TO AMEND COMPLAINT**

In his Motion for Leave to Amend Complaint, Plaintiff seeks to name Defendants Caruso and Rubitschun in their individual capacities. After a party has filed a complaint and later wishes to amend his original complaint, he must do so in accordance with Fed. R. Civ. P. 15(a) which reads,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Granting leave to amend a complaint is discretionary and may depend on several factors including, but not limited to, a finding of bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Aside from these factors, the court may evaluate the legal sufficiency of the proposed amended claim in deciding whether to grant leave to amend. 3 Moore's Federal Practice, § 15.15[1]-[3] (Matthew Bender 3d ed.). "[T]he court should not dismiss the complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[.]'" *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991)(internal citations omitted). Furthermore, the court "should not deny leave to file a proposed amended complaint unless the same rigorous standard is met." *Id.* "This principle should be applied with particular strictness when the plaintiff seeks to file an amended complaint charging a violation of his civil rights[.]" *Id.*

Here, Plaintiff has failed to allege any facts to support claims against Defendants in their individual capacities. There are no allegations that either Caruso or Rubitschun acted outside of their official capacities to violate Plaintiff's constitutional rights. Absent any specific allegations of

wrongdoing, allowing Plaintiff to amend his complaint to name Defendants in their individual capacities would prove futile. Accordingly, Plaintiff's Motion for Leave to Amend Complaint should be **DENIED**.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 21, 2005      s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

      I hereby certify that a copy of this Report and Recommendation was served upon Dwayne Edwards and Julia R. Bell on this date.

Dated: 4/20/05                                        s/ Lisa C. Bartlett  
                                                            Courtroom Deputy