UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE EDWARDS,
Plaintiff,

v.

PATRICIA CARUSO and
JOHN RUBITSCHUN,

Defendants.
_______________________________/

Case Number: 04-CV-74955

HONORABLE AVERN COHN

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**AND**
**DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, MOTION FOR UNLIMITED LAW LIBRARY ACCESS, AND DEFENDANTS' MOTION TO TRANSFER VENUE AS MOOT**
**AND**
**DENYING PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Dwayne Edwards is suing defendants Patricia Caruso, Director of the Michigan Department of Corrections and John Rubitschun, Chairman of the Michigan Parole Board. Edwards claims that the Michigan Parole Board's parole scoring guidelines assigns a negative five points to inmates who are receiving, or have received mental health treatment policy and violates the Americans With Disabilities Act (ADA), the Rehabilitation Act, and the Equal Protection Clause. The matter was referred to a magistrate judge for all pre-trial proceedings. Defendants filed a motion for summary judgment and a motion to change venue. Edwards filed a motion to amend complaint and a motion for unlimited law library access. The magistrate judge issued a report and recommendation (MJRR)

recommending that defendants' motion for summary judgment be granted, that plaintiff's motions be denied as moot, and defendant's motion to change venue be held in abeyance pending the Court's consideration of the MJRR. Plaintiff objects to the MJRR. The Court has reviewed the objections and finds they lack merit. Accordingly, for the reasons that follow, defendants' motion for summary judgment will be granted, plaintiff's motions and defendant's motion to change venue will be denied as moot, and plaintiff's request for Rule 11 sanctions (as stated in his objections) will be denied.

II.

Edwards' complaint alleges that

> Defendants have created and administer a process which determined eligibility for parole that discriminates against plaintiff and other individuals with mental illness on the basis of their disability or record of a disability.

Complaint at ¶ 22. Edwards says that he "has a history of mental illness" and that defendants relied on his disability in determining his parole eligibility. Edwards was convicted of third degree criminal sexual conduct involving a victim between 13 and 16 years old. He seeks monetary and injunctive relief.

The defendants deny that mental illness or disability alone is used to determine parole eligibility, but rather state that

> The Department does not assign -5 points to prisoners merely because they have mental illness or have had mental health treatment. Prisoners are assigned -5 points in the Mental Health Section only under the following conditions; the prisoner has had a Guilty But Mentally Ill conviction, or, a history of physical or sexual assault related to a compulsive, deviant, or psychotic mental state, including serving for CSC offense(s) involving sexually assaulting behavior.

Affidavit of John Rubitschun at ¶ 7. See also Michigan Administrate Code Rule

791.7716(g).

III.

The Court reviews a MJRR de novo when objections are made. See Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

IV.

A.

The magistrate judge recommends that summary judgment be granted on Edwards' ADA and Rehabilitation Act claims because Edwards cannot show that he is a qualified individual with a disability as both statutes exclude from the term "disability" "sexual behavior disorders." Thus, to the extent that Edwards claims his CSC conviction resulted in a negative five points for his parole eligibility as it may have been based on a sexual behavior disorder, he is not a disabled person within the meaning of the acts. The Court agrees. Moreover, although not addressed by the magistrate judge, Edward's claims for monetary relief against defendants in their official capacities are barred by the Eleventh Amendment. See Bd. of Trustees v. Garrell, 531 U.S. 356 (2001).

As to Edwards' equal protection claim, the magistrate judge correctly found that Edwards, as a prisoner, is not a member of a protected class. As such, the parole scoring guidelines he challenges are subject only to rational basis review and a rational basis exists for the scoring.

Additionally, defendants argued that plaintiff's claims are subject to dismissal on the ground that Caruso was not personally involved in the parole guideline scoring

and on the ground that Rubitschun, as a voting member of the committee determining Edwards' parole eligibility, is entitled to quasi judicial immunity. Defendants also argued that Edwards' claims for money damages are barred by the Prison Litigation Reform Act. The magistrate judge did not address these arguments. However, the Court finds, for the reasons stated in defendants' brief, that the arguments are well taken and provide additional grounds for the dismissal of Edwards' claims.

B.

As to Edwards' motion for leave to amend the complaint, the magistrate judge correctly determined that Edwards failed to allege any facts to support claims against defendants in their individual capacities. Rather, Edwards' allegations clearly derive from defendants' actions in their official capacities. As such, amendment would be futile. The Court also agrees that Edwards' motion for law library access should be denied as moot.

Finally, Edwards request Rule 11 sanctions against defendants based on misstatements in defendants' brief regarding the nature of the offense for which Edwards was convicted. Defendants filed a response indicating that the statements were indeed made in error and were inadvertent. The Court finds no basis to impose sanctions on defendants under the circumstances.

V.

Accordingly, the findings and conclusions of the magistrate judge are adopted as a the findings and conclusions of the Court, as supplemented above. Defendants' motion for summary judgment is GRANTED. In light of this ruling, Edwards' motion for leave to amend the complaint, and motion for law library access, and defendants'

motion to change venue are DENIED AS MOOT.  Edwards' request for Rule 11 sanctions is DENIED.

    SO ORDERED.


Dated: June 07, 2005

                s/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 07, 2005, by electronic and/or ordinary mail.

                s/Julie Owens
                Case Manager, (313) 234-5160